# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BANK OF THE RIO GRANDE, N.A.,

      Petitioner,

v.                                    No. CIV 06-0123 WPL/LFG

ROBERTO MARTINEZ, Court Appointed
Receiver of Mutual Benefits Corporation,
Viatical Benefactors, LLC, Viatical Services,
Inc., and ANTHONY LIVOTI, JR., P.A., In
Their Capacities as Trustees, JOEL STEINGER,
KENSINGTON MANAGEMENT, INC.,
Florida Corporation, and DIANA STEINGER,

      Defendants.

## MEMORANDUM OPINION AND
## ORDER GRANTING MOTION TO REMAND
## AND DENYING MOTION TO TRANSFER VENUE

Petitioner Bank of the Rio Grande (the Bank) brought an interpleader action in New Mexico state court. The Securities and Exchange Commission (SEC), which was not named in the state court action but claimed to be a party in interest, removed the action to this Court pursuant to 28 U.S.C. §§ 1335, 1441, 1442, and 2401. This matter is before me now on Diana Steinger's Motion to Remand (Doc. 9) and the SEC's Motion to Transfer Venue to the Southern District of Florida (Doc. 20). Having considered the briefs, pleadings, and applicable law, I hereby grant Diana Steinger's motion and deny the SEC's motion.

### BACKGROUND

On May 3, 2004, the SEC filed an action in U.S. District Court for the Southern District of Florida against, *inter alia*, Joel Steinger, Leslie Steinger, and Kensington Management, Inc.

(Kensington).  (Doc. 15 Ex. A.)  On  May 4, 2004, the court ordered an asset freeze against Joel

Steinger and Kensington.  (*See* Final J. of Permanent Inj. and Other Relief 8, Doc. 1 Ex. A.)[1]  It

entered final judgment against Joel Steinger and Kensington on December 2, 2005.  *Id.*  The court

ordered Steinger and Kensington to pay $9,000,000 to satisfy their disgorgement obligations and

ordered Steinger to pay $500,000 to satisfy his civil penalty obligations.  *Id.* at 5.  It ordered that the

payment be made to the clerk of court within fifteen days of entry of the final judgment.  *Id.*  The final

judgment also vacated and set aside the asset freeze in effect against Steinger and Kensington.  *Id.*

at 8.  On December 8, 2005, Joel Steinger informed the Bank that the asset freeze had been lifted.

(Pet. to Interplead Funds Ex. B, Doc. 1 Ex. A.)

On December 20, 2005, an order prohibiting Joel Steinger from dissipating marital assets was

entered in the Seventeenth Judicial Circuit, Broward County, Florida.  (Pet. to Interplead Funds Ex.

D, Doc. 1 Ex. A.)  A law firm in Florida sent a copy of the order to the Bank on December 21, 2005

with instructions to "[p]lease govern yourself accordingly."  *Id.*

On January 5, 2006, the Bank brought this action in the Third Judicial District Court, Dona

Ana County, State of New Mexico.  (*See* Pet. to Interplead Funds, Doc. 1 Ex. A.)  The Bank

requested that the court interplead the sum of approximately $684,717.78, which it held in an account

for Kensington.  *Id.* at 1.  It also requested that the court award costs and attorney's fees.  *Id.* at 5.

On January 9, 2006, the court entered an order to interplead the funds.  (*See* Order to Interplead,

Doc. 1 Ex. A.)

---

[1] Because Exhibit A to Doc. 1 is unnumbered and contains multiple documents, page numbers refer to the individual documents.

## MOTION TO REMAND

The SEC states that its notice of removal is brought pursuant to four statutes: 28 U.S.C. §§ 1335, 1441, 1442(a)(1), and 2401(a).[2]  (Doc. 1.)  The SEC's basis for removal is grounded mainly in § 1441, providing for removal by defendants of actions within the original jurisdiction of the federal district courts, and § 1442(a)(1), providing for removal by federal officers and agencies.  I conclude that none of the asserted grounds permits removal, and this action should therefore be remanded to the state court.

### *Legal Standards*

Federal removal jurisdiction is statutory in nature.  *Archuleta v. Lacuesta*, 131 F.3d 1359, 1370 (10th Cir. 1997).  "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941), and *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001)).  All doubts should be resolved against removal.  *Id.* at 1097.  When a federal court lacks subject matter jurisdiction over a removed case, it must remand the case to the state court.  *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (citing 28 U.S.C. § 1447(c)).  "Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal."  *Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998).

---

[2] 28 U.S.C. § 2401, captioned "Time for commencing action against United States," does not provide independent grounds for removal.

### *28 U.S.C. § 1441 Does Not Support Removal*

The SEC argues that removal is proper under 28 U.S.C. § 1441. (Doc. 15 at 5-7.)  Section

1441 provides, in pertinent part:

> (a) [A]ny civil action brought in a State court of which the district courts of the
> United States have original jurisdiction, may be removed by the defendant or the
> defendants . . . .
>
> (b) Any civil action of which the district courts have original jurisdiction founded on
> a claim or right arising under the Constitution, treaties or laws of the United States
> shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441.  The SEC contends that it may remove because its claims arise under federal law.

(Doc. 15 at 5-7.)  Steinger asserts that removal is improper because it may only be accomplished by

"the defendant or the defendants."  (Doc. 10 at 3-5 (quoting § 1441(a).)

The SEC may not remove this case under § 1441.  Section 1441(a) states that a case may be

removed by "the defendant or the defendants."  § 1441(a); *see First Nat'l Bank of Pulaski v. Curry*,

301 F.3d 456, 461 (6th Cir. 2002) ("As the statutory language makes plain, only 'the defendant or

the defendants' may remove under § 1441(a)."); *Geiger v. Artco Enters., Inc.*, 910 F. Supp. 130, 131

(S.D.N.Y. 1996).  In accordance with *Shamrock Oil & Gas Corp. v. Sheets*, courts have strictly

construed the term "the defendant or the defendants."  *See Shamrock Oil*, 313 U.S. at 108-109.  For

instance, the majority view is that third-party defendants are not "defendants" for purposes of § 1441.

*See Curry*, 301 F.3d at 461-63; *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 372-77

(S.D.N.Y. 2006).

The SEC is not a defendant in this case.  It was not named in the state court interpleader

action and does not contend that it is a "defendant" within the meaning of § 1441(a).  A non-

defendant claiming to be the "real" defendant or party in interest, as the SEC does here, may not

remove because it is not a defendant. *See Am. Home Assurance Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 296, 298-99 (S.D.N.Y. 1999); *Adams v. Adminastar Def. Servs., Inc.*, 901 F. Supp. 78, 79-80 (D. Conn. 1995).

In its brief, the SEC seems to sidestep the language of § 1441(a). It appears to focus instead on the language of § 1441(b), which does not mention "the defendant or the defendants." (*See* Doc. 15 at 5.) However, § 1441(b) "places an important limitation on the right of removal created in § 1441(a) in cases in which diversity is asserted, but it does not establish an independent right to removal." *Curry*, 301 F.3d at 461 n.3; *see Speciale v. Seybold*, 147 F.3d 612, 617 n.4 (7th Cir. 1998) ("A prerequisite to removal under § 1441(b) is § 1441(a), which allows for removal to a district court, 'by the defendant or the **defendants** . . . .'" (emphasis in original)).

Other courts have recognized that the limitation under § 1441(a) that only the defendant or defendants may remove is applicable to § 1441(b). *See, e.g., Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) ("The provisions of section 1441(b) require a defendant to demonstrate that a district court would have original jurisdiction over a civil action in order to invoke the federal court's removal jurisdiction."); *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 99 (2d Cir. 2001) ("Pursuant to 28 U.S.C. § 1441(b), a state court defendant may remove a case to federal court 'only if the plaintiff's claims could originally have been brought there.'"); *Barbara v. N.Y. Stock Exch., Inc.*, 99 F.3d 49, 53 (2d Cir. 1996) ("The general rule established by section 1441(b) is that a state court defendant may remove a case to federal court pursuant to section 1441(b) only if the plaintiff's claims could originally have been brought there."); *Pruitt v. Carpenters' Local Union No. 225*, 893 F.2d 1216, 1218 (11th Cir. 1990) ("In general, 28 U.S.C. § 1441(b) permits a defendant to remove to federal court any civil action 'founded on a claim or right arising under the . . . laws of the United

States.'"). The SEC has not cited, nor have I found, a case that supports the position that non-defendants may remove under § 1441(b). Moreover, 28 U.S.C. § 1446, which governs the procedure for removal, states, "A defendant or defendants desiring to remove any civil action . . . shall file in the district court . . . a notice of removal." 28 U.S.C. § 1446(a).

The SEC relies on *Blackmon Auctions, Inc. v. Van Buren Truck Ctr., Inc.*, 901 F. Supp. 287 (W.D. Ark. 1995), in support of removal. (Doc. 15 at 5-7.) It quotes *Blackmon Auctions* for the proposition that "an interpleader action arises under federal law if any of the defendants/claimants asserts a claim arising under federal law." *Id.* at 5-6 (quoting *Blackmon Auctions*, 901 F. Supp. at 290). The issue in *Blackmon Auctions*, however, was whether an interpleader action could be brought in federal court; it did not involve removal of a state court action. It does not address whether a party other than the defendant or defendants may remove an interpleader action.

In fact, all of the cases cited by the SEC involve removal by the defendant or do not involve removal at all. No case cited by the SEC upholds removal. The SEC has not cited any case that supports its construction of § 1441. Considering the statutory language, the requirement of strict construction, and the lack of case law supporting the SEC's position, I conclude that § 1441 does not permit removal. Because I conclude that the SEC may not remove because it is not a defendant, I need not consider whether this case involves a federal question.

### *28 U.S.C. § 1442(a)(1) Does Not Support Removal*

The SEC contends that an additional basis for removal is 28 U.S.C. § 1442(a)(1). (Doc. 15 at 7-10.) Section 1442 provides in pertinent part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

6

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a). The "limited purpose" of § 1442(a)(1) is "to provide a forum free from local interests and prejudice in which the federal officer can assert immunity defenses based on official conduct." *Aurora v. Erwin*, 706 F.2d 295, 296 (10th Cir. 1983) (citing *Arizona v. Manypenny*, 451 U.S. 232, 241-42 (1981)). "Section 1442(a), in our view, is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant." *Mesa v. California*, 489 U.S. 121, 136 (1989). "[F]ederal officer removal must be predicated on the allegation of a colorable federal defense." *Id.* at 129.

The SEC argues that "[t]he right to removal 'is made absolute' whenever a suit in a state court is against a federal agency, regardless of whether the suit could have originally been brought in a federal court." (Doc. 15 at 7-8 (citing *Aurora*, 706 F.2d at 296, and quoting *United States v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001)).) It states that it "is an agency of the United States that has been brought into this action through the deposit of money to which it has a priority claim." *Id.* at 8. It also contends that it "has a colorable claim to the deposited funds," which it asserts is all that is required under § 1442. *Id.* at 8-9.

There is persuasive authority that § 1442 does not apply to interpleader actions. In *Fountain Park Cooperative, Inc. v. Bank of America National Trust & Savings Ass'n*, 289 F. Supp. 150 (C.D. Cal. 1968), the Secretary of Housing and Urban Development (Secretary) was named as a defendant in a "cross-complaint . . . in interpleader." 289 F. Supp. at 152. The Secretary grounded removal

on §§ 1441(a) and 1442(a)(1).[3]  *Id.* at 153.  Finding that the case was "not of the type embraced in the statute," the court held that § 1442(a) did not apply.  *Id.* at 154.  "[This case] is not a case 'against' the Secretary.  It is certainly not a case against him in the sense that he is threatened with personal civil liability."  *Id.*  The court stated that the purpose of the statute was "to permit the removal of cases where federal officers are threatened with personal civil liability or criminal liability because of actions taken in pursuance of their federal duties."  *Id.*  "[Section] 1442(a) does not apply to situations where the state court is acting in rem to adjudicate adverse claims to money in its control with a federal officer being one of the claimants."  *Id.*

Section 1442 does not support removal.  No civil action has been "commenced in a State court against" the SEC; rather, the SEC claims it is a "party in interest" to the state court action.  (Doc. 1.)  Nor has the SEC been "sued."  It does not explain for what "act under color of such office" or "on account of" what "right, title or authority claimed under any Act of Congress" it claims to have been sued.  It was not named in the state court action and did not intervene.  This action does not fall within the language of § 1442.  Further, "federal officer removal must be predicated on the allegation of a colorable federal defense," *Mesa*, 489 U.S. at 129, and the SEC has not identified one here.

The SEC cites *Aurora v. Erwin*, 706 F.2d at 296, and *United States v. Todd*, 245 F.3d at 693, for the proposition that "[t]he right to removal 'is made absolute' whenever a suit in a state court is against a federal agency, regardless of whether the suit could have originally been brought in a federal court."  (Doc. 15 at 7-8.)  The "is made absolute" quotation appears to come from *Todd*, which in

---

[3] 28 U.S.C. § 1442(a) was amended in 1996 to apply to federal agencies as well as officers.  *See* Federal Courts Improvement Act of 1996, Pub. L. 104-317, 96 Stat. 1887.  However, this does not affect the reasoning of *Fountain Park* regarding the application of § 1442(a) to interpleader actions.

turn quotes *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).  *See Todd*,  245 F.3d at 693.

This contention is not persuasive.  First, this is not a case "against" the SEC.  Further, the broad language in these cases must be read in conjunction with the statutory language and the specific requirements for removal.  The requirements contained in § 1442 are still applicable, as is the Supreme Court's requirement of a federal defense.  *See Mesa*, 489 U.S. at 129.  A federal agency may not remove a case under § 1442 without meeting these requirements.  The language of *Todd*, *Aurora*, and *Willingham* should not be read broadly enough to allow removal in this action.  The status of the party allowed to remove in these three cases is also instructive.  In each case the party allowed to remove was a defendant in the state court case.  *See Willingham*, 395 U.S. 402 (allowing warden and chief medical officer of a federal penitentiary to remove suit brought by an inmate); *Todd*, 245 F.3d 691 (allowing the United States to remove case seeking disclosure of records in its possession after it intervened as a defendant); *Aurora*, 706 F.2d 295 (allowing postal worker to remove after being charged with a petty offense for an altercation occurring in the course of employment).

The SEC argues that Diana Steinger's contention that "[§ 1442] is inapplicable because 'no state court action has been filed against the SEC'" is erroneous.  (Doc. 15 at 8.)  It contends that interpleader action are *in rem* proceedings in which it is not necessary to name adverse parties.  *Id.* It further claims that it should not be required to litigate in state court before invoking federal jurisdiction.  *Id.* at 9.  However, this interpretation does not comport with the statutory language.

It is true, as asserted by the SEC, that the policy animating § 1442(a)(1) "should not be frustrated by a narrow, grudging interpretation" of the statute.  (Doc. 15 at 8 (quoting *Willingham*, 395 U.S. at 407).)  The question is whether this case is one in which application of a broad

interpretation would further that policy. In *Willingham*, the Court described the policy that animates § 1442(a)(1): "In cases like this one, Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum." *Id.* at 407. *Willingham* involved a civil action by an inmate against the warden and chief medical officer of a federal penitentiary. *Id.* at 403. The Court emphasized that the officers asserted federal defenses. "One of the primary purposes of the removal statute--as its history clearly demonstrates--was to have such defenses litigated in the federal courts . . . . In fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Id.* at 407. It does not appear that this is a case in which broad construction of the statutory language would further the policy animating § 1442.

The SEC, citing *Willingham*, 395 U.S. at 406, argues, "As the Supreme Court has explained, one of the primary purposes of the removal statute is to afford federal agencies the protection of a federal forum when they are advancing entitlement or defenses to a claim under federal law." (Doc. 15 at 8.) This is certainly true with respect to defenses, as noted above. *See Willingham*, 395 U.S. at 407. However, *Willingham* does not appear to support the contention that a main purpose of the statute is to protect officers or agencies that are advancing an "entitlement."

The SEC contends, citing *Henry v. Independent American Savings Ass'n*, 857 F.2d 995 (5th Cir. 1988), that it "has a colorable claim to the deposited funds," which it asserts is all that is required under § 1442. (Doc. 15 at 8-9.) In *Henry*, the defendant removed to federal court, "relying on a federal statute that permits removal of state-law claims brought against the FSLIC or a savings institution in receivership with the FSLIC." *Id.* at 997; *see* National Housing Act, § 407(k)(1), 12 U.S.C. § 1730(k)(1) (repealed 1989) (deeming all suits "to which the [FSLIC] shall be a party" to

arise under federal law). *Henry* does not mention § 1442, and it is not clear under which provision the defendants sought to remove the case. *Henry* does not support the SEC's construction of § 1442(a)(1). Further, it is clear that a "colorable claim" is not sufficient; the SEC must present a colorable federal defense. *See Mesa*, 489 U.S. at 129. Section 1442(a)(1) does not support removal of this action.

### 28 U.S.C. § 1335 Does Not Support Removal

The SEC also based its removal on 28 U.S.C. § 1335. (Doc. 1.) Section 1335 provides in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any . . . corporation . . . having in his or its custody or possession money or property of the value of $500 or more, . . . if
>
> (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property . . . .

28 U.S.C. § 1335(a).

It is not clear whether the adverse claimants are of diverse citizenship. However, I need not address this issue. Under § 1335, certain interpleader actions fall within the federal court's original jurisdiction, which is a requirement for removal under § 1441. *See* § 1441(a); *Oklahoma ex rel. Wilson v. Blankenship*, 447 F.2d 687, 690 (10th Cir. 1971). Even if this action falls within the Court's original jurisdiction under § 1335, however, the SEC still cannot satisfy § 1441 because it is not a defendant.

I conclude that none of the grounds asserted by the SEC supports removal. Because this Court therefore lacks subject matter jurisdiction, I must remand this action to the state court.

11

## MOTION TO TRANSFER VENUE

The SEC argues that this action should be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404.  (Doc. 20 at 1.)  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Because removal was not proper and remand is required, I must deny the motion as there is no subject matter jurisdiction in this Court.  *See, e.g., Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 957 (8th Cir. 2005) (a court may not transfer a case under § 1404(a) unless it has subject matter jurisdiction); *CIBC World Mkts., Inc. v. Deutsche Bank Secs., Inc.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004) (same); *Am. Homecare Fed'n, Inc.  v. Paragon Scientific Corp.*, 27 F. Supp. 2d 109, 114 (D. Conn. 1998) (same).

## ATTORNEY'S FEES

Diana Steinger argues that I should award attorney's fees.  (*See* Doc. 10 at 9; Doc. 24 at 7.)  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "The language of § 1447(c) directs that the award of attorney's fees rests squarely within the discretion of the district court when a remand is ordered."  *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004), *aff'd*, ---- U.S. ----, 126 S. Ct. 704 (2005).  District courts have wide discretion in determining whether to award attorney's fees.  *See Daleske v. Fairfield Cmtys., Inc.*, 17 F.3d 321, 325 (10th Cir. 1994).  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, ---- U.S. ----, ----, 126 S. Ct. 704, 708 (2005).  "In deciding whether to award costs under § 1447(c), the key

factor is the propriety of defendant's removal.  The district court does not have to find that the state

court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under

§ 1447(c)." *Excell, Inc. v. Sterling Boiler & Mech., Inc*., 106 F.3d 318, 322 (10th Cir. 1997) (internal

citations omitted).

I conclude that Diana Steinger is not entitled to attorney's fees incurred in bringing the motion

to remand.  The SEC has an objectively reasonable basis for removal based on § 1441.  As it notes,

this is an *in rem* action in which it is not necessary to name adverse parties.  (*See* Doc. 15 at 8.)

Because there is scarce authority specific to removal of an interpleader action, the SEC has greater

latitude to argue in support of its interpretation of the statutes and cases.  There is conflicting

authority regarding what parties are included in the term "the defendant or the defendants." *See Tyco*

*Int'l*, 422 F. Supp. 2d at 372-73 (noting the minority view that third-party defendants may remove).

The SEC has an objectively reasonable basis for its argument that the language "the defendant or the

defendants" extends to claimants in an interpleader action.

In any event, the jurisdictional defect here was technical.  There is authority to support the

proposition that if the SEC intervened before removing the case, removal would be allowed.  *See*

*Kane v. Republica de Cuba*, 211 F. Supp. 855, 857 (D.P.R. 1962).  This technical jurisdictional

defect is far different from the more common bars to removal jurisdiction.  For example, this defect

is less serious and more easily remedied than a failure to meet the amount-in-controversy requirement

or the absence of a federal question.

To support removal under § 1441, the SEC must also demonstrate that the Court would have

original jurisdiction over the action.  The SEC's claimed basis for jurisdiction is the presence of a

federal question.  (*See* Doc. 15 at 5-7.)  I did not address this issue when deciding whether to grant

the motion to remand because I determined that the SEC was not a defendant and therefore could not remove under § 1441.  I conclude that the SEC has an objectively reasonable basis for arguing that this Court could assert federal question jurisdiction.  As it notes, its right to the disputed funds arises under federal law.  (*See* Doc. 15 at 6.)  It further argues that the federal securities laws grant the federal courts "'exclusive jurisdiction' over any violation arising under the Exchange Act, including all suits to enforce any liability or duty under the Act."  *Id.*  The SEC makes a colorable claim of federal question jurisdiction.

The SEC also has an objectively reasonable basis for its motion based on § 1442(a)(1).  While I have determined that this statute does not support removal in this case, the SEC makes colorable arguments in support of its position.  The case law contains broad language which provides a reasonable basis for the argument that § 1442(a)(1) allows removal in this case.  Though I ultimately disagree with the SEC's contentions, it has a reasonable basis for removal.

Diana Steinger is not entitled to attorney's fees incurred in responding to the motion to transfer venue.  As noted above, the SEC has an objectively reasonable basis for removing the state court action.  Had I decided that remand was inappropriate, I would have transferred the action to the Southern District of Florida.  Certainly the SEC has a reasonable basis for asserting that this Court was an inconvenient forum and the Southern District of Florida would be more convenient. It bases its motion to transfer upon, *inter alia*, its contention that most of the parties and witnesses reside in the Southern District of Florida, all of the claimants already have counsel in the Southern District of Florida, and "the operative facts of this case have no material connection with [the District of New Mexico]."  (Doc. 20 at 6-7, 9.)  The SEC has an objectively reasonable basis for its motion, which precludes an award of attorney's fees.

**CONCLUSION**

For the foregoing reasons, I conclude that this Court does not have subject matter jurisdiction over this action.  The motion to remand should be granted, the motion to transfer venue denied, and this action remanded to state court.

IT IS THEREFORE ORDERED that the Motion to Remand by Defendant Diana Steinger Pursuant to 28 U.S.C. § 1447(c) (Doc. 9) is GRANTED, and the case will be remanded to the Third Judicial District Court, Dona Ana County, New Mexico.

IT IS FURTHER ORDERED that the SEC's Motion to Transfer Venue to the Southern District of Florida (Doc. 20) is DENIED.

IT IS FURTHER ORDERED that Diana Steinger is not entitled to attorney's fees incurred in bringing the motion to remand and responding to the motion to transfer venue.

IT IS SO ORDERED.


_____
WILLIAM P. LYNCH
UNITED STATE MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

15